**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| CARLA ELIZABETH LOPEZ-LENARIO, aka Lubia Karina Ibanez-Colindres; et al., | No. 08-72680 |
| Petitioners, | Agency Nos. A098-920-100 A098-920-105 |
| v. | MEMORANDUM [*] |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

Carla Elizabeth Lopez-Lenario and her brother Roberto Carlos Lopez-

Lenario, natives and citizens of El Salvador, petition for review of the decision of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jlf/Inventory

the Board of Immigration Appeals dismissing their appeal from the immigration judge's denial of their application for asylum.

Petitioners contend that the IJ violated their due process rights by failing to consider properly the evidence of country conditions, and the BIA and IJ erred in finding that petitioners did not belong to a particular social group that merited asylum relief. Our review of the record indicates that the IJ did consider the State Department country report and other reports in the record, and we reject petitioners claim that there was a due process violation. *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995). In addition, the record does not compel reversal of the IJ's and BIA's conclusion that petitioners failed to establish that they were persecuted by gangs in El Salvador, or that they were members of a particular social group so as to merit asylum relief. *See Ramos-Lopez v. Holder*, 563 855 F.3d 858-62 (9th Cir. 2009) (concluding that resistance to gang activity is not a particular social group for the purpose of establishing nexus to a protected ground). To the extent that petitioners raise a claim of a new particular social group (young adults who have an uncle who was kidnapped and who fear being targeted by gangs) for the first time on appeal, petitioners have failed to exhaust their administrative remedies and we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th

Cir. 2004).  Accordingly, petitioners' claims fail.

**PETITION FOR REVIEW DENIED in part; and DISMISSED in part.**